[Cite as *State v. Wiliams*, 2017-Ohio-8344.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

  Appellee

v.

Kelley Anne Williams

  Appellant

Court of Appeals No. L-17-1071

Trial Court No. CRB-17-00147

**DECISION AND JUDGMENT**

Decided: October 27, 2017

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Jimmie Jones, Assistant Prosecutor, for appellee.

Karin L. Coble, for appellant.

* * * * *

**JENSEN, P.J.**

### I.  Introduction

**{¶ 1}** Appellant, Kelley Anne Williams, appeals the judgment of the Toledo Municipal Court, sentencing her to 10 days in jail after she entered a plea of no contest to one count of obstructing official business.

## A. Facts and Procedural Background

{¶ 2} On January 4, 2017, appellant was arrested and charged for one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. According to the complaint, appellant was observed filming court proceedings in the Toledo Municipal Court prior to her arrest. She was subsequently asked to vacate the premises. Appellant was then stopped in the court lobby by officers for questioning. She refused to provide the officers with her name, opting instead to remain on her mobile phone during the questioning. Appellant persisted in her refusal to cooperate even after the officers warned her that she would be arrested if she failed to provide them with certain information.

{¶ 3} One day after appellant's arrest, she entered a plea of not guilty after the court informed her that obstructing official business was a misdemeanor of the second degree punishable by up to 90 days in jail and a fine of up to $750. Counsel was appointed for appellant and appellant was released on her own recognizance.

{¶ 4} Two months later, appellant appeared before the court with the assistance of appointed counsel. At this time, appellant entered a plea of no contest to the charged offense. The trial court informed appellant of the consequences of her plea and found her guilty. Notably, the state did not provide any explanation as to the facts that supported the charge of obstructing official business, thereby leaving the trial court to rely upon the allegations contained in the complaint. The court then recessed in order to check on any applicable jail-time credit. In its subsequent entry, the trial court imposed a jail sentence

2.

of 10 days for obstructing official business, to run concurrent with a sentence in another case. Thereafter, appellant filed a timely notice of appeal.

## B. Assignments of Error

{¶ 5} On appeal, appellant asserts the following assignments of error:

Assignment of Error I: The trial court erred in convicting appellant on her no contest plea when the State failed to present an adequate explanation as to the elements of the offense and the complaint's allegations do not state an offense.

Assignment of Error II: Appellant's guilty plea was involuntary and unknowing when the trial court failed to inform appellant of the effect of her plea in violation of Crim.R. 11(E).

## II. Analysis

{¶ 6} Under R.C. 2921.31(A),

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶ 7} To support a conviction for obstructing official business, the state must prove that the accused engaged in an unprivileged affirmative act, that the act was done with a purpose or intent to hamper or impede the performance of a public official's duties, and that the act did, in fact, substantially hamper or impede the public official in the

3.

performance of his or her duties. *State v. Mignard*, 6th Dist. Ottawa No. OT-10-007, 2010-Ohio-5177, ¶ 22, citing *In re Pribanic*, 6th Dist. Erie No. E-90-20, 1991 Ohio App. LEXIS 163 (Jan. 18, 1991).

{¶ 8} In her first assignment of error, appellant argues that the trial court erred in finding her guilty of obstructing official business upon the acceptance of her no contest plea. Specifically, appellant asserts that the facts contained in the complaint do not support a finding of guilt as to obstructing official business.

{¶ 9} The state concedes appellant's argument. In its brief, the state acknowledges that appellant "did not commit an overt act, which is required to satisfy the elements of an obstructing official business charge." Rather than committing an overt act, appellant merely refused to respond to police questioning, as demonstrated by the allegations contained in the complaint. We have stated that "the mere refusal to answer a police officer's questions regarding one's identity cannot support a conviction for obstructing official business." *City of Toledo v. Dandridge*, 6th Dist. Lucas No. L-10-1333, 2013-Ohio-317, ¶ 18, citing *Cleveland Hts. v. Lewis*, 187 Ohio App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 37 (8th Dist).

{¶ 10} Because the complaint reveals that appellant was charged with obstructing official business merely for refusing to answer the police officers' questions, we find that the trial court erred in finding her guilty of that charge. Consequently, appellant's first assignment of error is well-taken. Appellant's conviction for obstructing official business must be vacated, thereby rendering appellant's second assignment of error moot.

4.

### III. Conclusion

{¶ 11} In light of the foregoing, the judgment of the Toledo Municipal Court is reversed. Appellant's conviction for obstructing official business is vacated. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

James D. Jensen, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE